Receipt number 9998-4302207

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TUTOR PERINI CORPORATION, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 17-1754 C<br><br>**COMPLAINT PURSUANT TO 41 U.S.C. SECTION 7101, et seq. FOR BREACH OF CONTRACT**<br><br>FILED<br>Nov 8 2017<br>U.S. COURT OF FEDERAL CLAIMS |

Plaintiff TUTOR PERINI CORPORATION, formerly known as PERINI CORPORATION ("TPC" or "Plaintiff") alleges:

### Jurisdiction

1. The United States Court of Federal Claims has jurisdiction pursuant to 28 U.S.C. §1491. Plaintiff brings this action pursuant to in this matter pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §7101 *et seq.*

### The Parties

2. TPC is a general contractor in the construction industry organized and existing under the laws of the State of Massachusetts, with its principle place of business located at 15901 Olden Street, Sylmar, California 91342.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times mentioned herein was, acting by and through the Department of Defense, which is and at all times mentioned herein was, an agency of the United States.

### The Contract

4. On May 8, 2008, the United States, acting by and through the Department of Defense, Air Force Civil Engineer Support Agency ("AFCESA"), awarded TPC the SATOC Contract #FA3002-08-D-0011 ("Contract") involving Repair/Replacement of West Runway 01L/19R at Andrews Air Force Base in Maryland ("Project"). A true

and correct copy of relevant excerpts of the Contract is attached hereto as Exhibit "A" and incorporated herein.

5. TPC has timely and properly performed any and all obligations required to be performed under the Contract, except as excused or delayed by AFCESA's failure to timely perform as more specifically set forth below.

## Factual Background for the Certified Claim

6. This action relates to: (1) delay-related costs caused by AFCESA to TPC and Subcontractor M.C. Dean, Inc.; (2) the improper demand for replacement of hundreds of concrete panels; (3) unresolved Requests for Change Orders ("RCOs"); (4) the unpaid balance of the Contract; and (5) retention.

7. The unresolved RCOs demonstrate that TPC's work was severely impacted by: (1) AFCESA's failure to properly administer the Project; (2) AFCESA's latently defective design; and (3) untimely responses to Requests for Information and/or direction and issuance of modifications to correct the design defects and to implement other changes.

8. The delay-related impacts, unresolved RCOs, and other impact costs incurred as well as the remaining Contract balance are described in detail in the Updated CDA Claim referenced and described below and total $38,078,272.

## The Certified Claim

9. This action relates to a certified claim submitted pursuant to the CDA to AFCESA on April 28, 2016 ("CDA Claim"). A true and correct copy of relevant portions of the CDA Claim is attached hereto as Exhibit "B" and incorporated by reference herein. The CDA Claim references a Request for Equitable Adjustment submitted on October 23, 2014, and updated on April 21, 2015.

10. On May 24, 2017, AFCESA sent a letter requesting an audit of the CDA Claim. A true and correct copy of AFCESA's May 24, 2017 letter is attached hereto as Exhibit "C."

11.  On June 22, 2017, TPC, the Defense Contract Audit Agency ("DCAA") and AFCESA's counsel participated in a conference call to discuss the May 24, 2017 request. In response, TPC submitted an update to its CDA Claim on August 8, 2017 ("Updated CDA Claim"). A true and correct copy of the Updated CDA Claim is attached hereto as Exhibit "D."

### Contracting Officer's Decision

12.  Pursuant to 41 U.S.C. section 7103(f)(2), the Contracting Officer had 60 days from the date of receipt to issue a decision. To date, the Contracting Officer has not issued a decision regarding the Updated CDA Claim.

13.  Pursuant to 41 U.S.C. section 7103(5), the failure of the Contracting Officer to issue a decision on the Updated CDA Claim within the required time period is deemed to be a decision by the Contracting Officer denying the claim and authorizes this action.

14.  All other conditions precedent for the filing of this action have been satisfied, waived and/or excused.

### Count 1 – Breach of Contract

15.  The allegations contained in paragraphs 1 through 13 above are incorporated by reference as though fully set forth herein.

16.  Pursuant to the terms of the Contract, TPC is entitled to an equitable adjustment in the amount of $38,078,272 for the additional cost related to delay-related costs caused by AFCESA, the costs to replace hundreds of concrete panels improperly demanded by AFCESA; unresolved RCOs; the unpaid balance of the Contract; and release of contract retention.

17.  As such, AFCESA is liable to TPC for $38,078,272 plus interest thereon as allowed by the Contracts Disputes Act.

**WHEREFORE**, TPC demands judgment against Defendant, The United States of America, for an award of damages in the amount of $38,078,272, plus interest as

required under the Contracts Disputes Act, plus such other and further relief as this Court deems just and proper.  TPC also demands costs according to proof.

DATED: November 8, 2017　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By: ____/s/_____
　　　　　　　　　　　　　　　　　　Matthew J. Luce
　　　　　　　　　　　　　　　　　　Nomi L. Castle
　　　　　　　　　　　　　　　　　　**CASTLE & ASSOCIATES**
　　　　　　　　　　　　　　　　　　**A Professional Law Corporation**
　　　　　　　　　　　　　　　　　　8383 Wilshire Boulevard, Ste. 810
　　　　　　　　　　　　　　　　　　Beverly Hills, CA 90211
　　　　　　　　　　　　　　　　　　(310) 286-3400 (Telephone)
　　　　　　　　　　　　　　　　　　(310) 286-3404 (Facsimile)
　　　　　　　　　　　　　　　　　　ncastle@castlelawoffice.com
　　　　　　　　　　　　　　　　　　mluce@castlelawoffice.com

　　　　　　　　　　　　　　　　　　Counsel for Plaintiff,
　　　　　　　　　　　　　　　　　　TUTOR PERINI CORPORATION, a Massachusetts corporation